# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT A. ELLIOT, et al. | § | |
| | § | |
| V. | § | A-14-CV-972-LY |
| | § | |
| MISSION TRUST SERVICES, LLC, et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Non-Party David Wieland's Motion for Protective Order and Motion to Quash Subpoena to Testify at a Deposition (Dkt. No. 1), the Mission Parties' Response in opposition to Wieland's Motion (Dkt. No. 3), and Wieland's Reply (Dkt. No. 6). Also before the Court are the Mission Parties' Motion to Transfer (Dkt. No. 4), Wieland's Response (Dkt. No. 7), and the Mission Parties' Reply (Dkt. No. 8).

The District Court referred the above motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

The instant motions arise out of litigation occurring in the United States District Court for the Northern District of Illinois. In 2013, a group of investors filed suit seeking, among other things, to restructure the Mission Trust. The Trust filed a variety of counterclaims, alleging breach of contract, negligence, defamation, and tortious interference. Summary judgement was granted in favor of the investors on their claims for declaratory and injunctive relief. The Trust's counterclaims

remain. The litigation surrounding the Mission Trust has yielded more than its fair share of drama. Discovery has been contentious, necessitating several hearings and leading to sanctions being imposed on plaintiffs. A motion to stay discovery—in which it is alleged that the Mission Parties concealed material facts calling into question the entire litigation—is currently pending before the Illinois Court. Discovery is set to close on December 29, 2015.

A related suit, filed by Wieland in Delaware, alleges that Christopher Finlay and Forward Capital, an entity that includes the Mission Trust, breached an agreement to pay Wieland. Wieland was a co-founder of a parent entity of the Mission Trust, and owned 50% of it before Finlay bought him out in 2009. Two weeks after Wieland filed his suit, the Mission Parties to the Illinois suit served Wieland with the Subpoena Duces Tecum and Subpoena to Testify at issue here. According to Wieland, the Mission Parties subpoenaed him in retaliation for his Delaware action. *See*, Dkt. No. 13 n.1.

Wieland did not respond to the subpoena for nearly a month, finally sending a letter to the Mission Parties stating that he did not have any documents in his custody or control that were responsive to the Subpoena Duces Tecum. Five days later, Wieland sent a letter to the Mission parties requesting they withdraw the subpoenas. They did not. Five days after the letter and one day before Wieland was to be deposed, counsel for the Mission Parties, en route to Austin in order to depose Wieland, received Wieland's Motion for a Protective Order and Motion to Quash. The motions were not actually filed until the following day, when the deposition had been scheduled to take place. Wieland did not appear for his deposition. The Mission Parties subsequently filed the instant Motion to Transfer. Wieland opposes the transfer.

Notably, this is not the only disputed subpoena related to this litigation. Recently, the San Antonio Division of the Western District of Texas transferred a similar motion for protective order and to quash to the Eastern Division of the Northern District of Illinois. That motion came in response to subpoenas served by the Mission Parties on non-parties Hugh K. Caraway, Jr., and Internacional Realty Inc. The San Antonio Court granted the Mission Parties' Motion to Transfer on the grounds that "exceptional circumstances" supported transfer under Federal Rule of Civil Procedure 45(f). The Court pointed to the vigorously contested discovery process in the Illinois court, including the need for several hearings, sanctions imposed against the plaintiffs, and the pending motion to stay discovery. *Scott Elliot, et. al., v. Mission Trust Services, LLC, et al.*, SA-14-MC-942-XR at 2 (W.D.Tex. Dec. 1, 2014) (ordering transfer). The Court held that the Illinois court's background with these discovery disputes favor that Court resolving the dispute over the subpoena. The Court also held that transferring the motion would "help avoid unnecessary disruption with the Illinois court's case management, particularly in light of the looming discovery cut-off." *Id.*

## II. ANALYSIS

The Mission Parties urge the Court to transfer Wieland's Motion for Protective Order and to Quash for the same reasons they sought transfer from the San Antonio Court: exceptional circumstances in the underlying suit favor the Illinois Court's jurisdiction. Federal Rule of Civil Procedure 45(f), which governs transfers in such circumstances, provides:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion

3

> as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Subdivision (f) is a recent addition to Rule 45. The Advisory Committee Notes on the new rule state that Courts considering transfer under Rule 45(f) should be primarily concerned with "avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Nonetheless, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Ultimately, "the proponent of transfer bears the burden of showing that" exceptional circumstances that warrant transfer are present.

Subdivision (f)'s relative youth means there is fairly little case law to guide its application. But the District Court for the Northern District of Texas faced a similar situation and granted a transfer. *Chem-Aqua, Inc. v. Nalco Company*, 2014 WL 2645999, at *1 (N.D. Tex. June 13, 2014). In finding that "exceptional circumstances" existed, the Court noted that transfer would provide for consistent outcomes and judicial economy. *Id*. at *3. Indeed, the dispute mirrored another dispute already resolved by the issuing court and several others still pending in other districts. *Id.* at *1-*2. Moreover, while, one party alleged that the motion to transfer—and the subpoena itself—constituted yet another instance in a pattern of discovery abuse by the other party, any such pattern "would weigh in favor of transferring these motions to the issuing court that is presiding over the underlying litigation and that is better positioned to assess" the "discovery conduct and what, if any, bearing that conduct should have on resolving" the Motion to Quash. *Id.* at 4.

Similar circumstances exist here. As noted, this is not the only disputed subpoena related to the Illinois case. The San Antonio Division has already held that exceptional circumstances

4

warranted transfer under Rule 45(f). Transfer of the instant motion would provide for consistent outcomes, and avoid unnecessary disruption of the Illinois court's case management. Moreover, as in *Chem-Aqua*, this case's highly contentious discovery history–with accusations of abuse by both parties and the non-party subject to this subpoena–weighs in favor of transferring the motion to quash to the court most familiar with that history: the Northern District of Illinois.

### III. RECOMMENDATION

The Mission Parties have carried their burden of showing that extraordinary circumstances warrant transfer under Rule 45(f). Accordingly, the undersigned **RECOMMENDS** that the Mission Parties' Motion to Transfer Non-Party David Wieland's Motion for Protective Order and Motion to Quash Subpoena to Testify should be **GRANTED IN PART AND DENIED IN PART.** The Motion for Protective Order and Motion to Quash Subpoena should be transferred to the Northern District of Illinois. All other requested relief should be denied, and all other pending motions in this action should be **DISMISSED AS MOOT**.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

5

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of December, 2014.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE